IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

MAXWELL H. HODGE, III,         )
                               )
    Plaintiff,                 )    Case No. 1:14-00022
                               )    Judge Haynes
v.                             )
                               )
ROBYN M. TODD, et al.,         )
                               )
    Defendants.                )

## MEMORANDUM

Plaintiff, Maxwell M. Hodge, III, filed this action under 42 U.S.C. § 1983 against Defendants: Robyn M. Todd, Kevin Jones, William Cogswell, Ben Killingsworth, Carina Mooney and Richard Burke officials at the South Central Correctional Center ("SCCC") where Plaintiff was incarcerated. Plaintiff asserts claims that the Defendants violated his Eighth Amendment right to be free from "cruel and unusual punishment" and retaliation. The Defendants filed an answer and the parties proceeded with discovery.

Before the Court is the Defendants' motion for summary judgment (Docket Entry No. 62) to which Plaintiff filed a response (Docket Entry No. 66).

### A. Findings of Fact[1]

---

[1] Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). As discussed infra, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). The Court concludes that there are not any material factual disputes. Thus, this section constitutes finding of facts under Fed.R.Civ.P. 56(d).

1

SCCC has a policy that allows its inmates to file grievances in accordance with the SCCC grievance policy. (Docket Entry No. 67, Statement of Undisputed Facts at ¶ 6). Under this policy, an inmate must file a grievance within seven (7) days of the incident occurring or of the most recent occurrences giving rise to the grievance. Id. at ¶ 6. SCCC maintains records of all inmates grievances filed. Id. at ¶ 7. Plaintiff filed nineteen (19) grievances between November 20, 2012 and January 31, 2014. Id. at ¶ 8.

Plaintiff's claims involve four separate incidents. The first occurred on September 21, 2013 when Plaintiff assert that Defendant Todd pepper sprayed him while Defendant Jones "choked" Plaintiff and Defendant Cogswell "slammed" Plaintiff's head into a door." (Docket Entry No. 1, Complaint at ¶ 5). Plaintiff, however, did not file a grievance regarding this incident in accordance with the policies and procedures at SCCC. (Docket Entry No. 67, Statement of Undisputed Facts at ¶ 10).

The second incident is when Defendant Killingsworth allegedly told Plaintiff he was going to "kill. . . and harm . . . and have his staff mess [Plaintiff] up and beat" him. (Docket Entry No. 1, Complaint at ¶ 5). Plaintiff filed a grievance against Defendant Killingsworth pursuant to SCCC's policies and procedures. (Docket Entry No. 67, Statement of Undisputed Facts at ¶ 9).

For the third incident, Plaintiff alleges that on December 1, 2013, Defendant Mooney refused to feed him and his refusal to due to Defendant Todd's alleged statement in September. (Docket Entry No. 1 at ¶ 5). Plaintiff did not file a grievance on this incident in accordance with the policies and procedures at SCCC. (Docket Entry No. 67, Statement of Undisputed Facts at ¶ 10).

The fourth incident concerns Defendant Burke who allegedly stated to Plaintiff that he wanted to "f***" Plaintiff. (Docket Entry No. 1, Complaint at ¶ 5). Plaintiff did not file a grievance

2

about this incident. (Docket Entry No. 67, Statement of Undisputed Facts at ¶ 10).

## B. Conclusions of Law

The Prison Litigation Reform Act ("PLRA") includes any "exhaustion provisions" that provides:

> "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

42 U.S.C. § 1997e(a). The Supreme Court stated that "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). Yet, a prisoner is not required to specially plead or demonstrate exhaustion in his complaint, and failure to exhaust is an affirmative defense under the PLRA. Id. at 216. Yet, summary judgment is appropriate if defendants prove plaintiff's failure to exhaust available administrative remedies. See Howard v. State of Tenn. Dep't of Corr., 2013 WL 3353893, at *4. To satisfy the PLRA's exhaustion requirement, plaintiff must complete the administrative review process in accordance with the applicable procedural rules. Jones, 549 U.S. at 218. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to properly exhaust." Id.

The undisputed facts are that Plaintiff failed to exhaust available administrative remedies for his claims against Defendants Todd, Jones, Cogswell, Mooney and Burke. Defendants establish without dispute that each inmate is provided an inmate handbook that contains the grievance procedures. (Docket Entry No. 67, Statement of Undisputed Facts at ¶ 5). Plaintiff had filed nineteen (19) grievances between November 20, 2012 and January 31, 2014. Id. at ¶ 8. There is not

any document of Plaintiff's grievances on any incident on September 21, 2013 or December 1, 2013. Id. at ¶ 10. Thus, the Court concludes that Plaintiff has failed to exhaust his available administrative remedies against Defendants Todd, Jones, Cogswell, Mooney and Burke and summary judgment for these Defendants is appropriate.

Here, Plaintiff had seven (7) days after the alleged incidents to file his grievance(s), but did not do so. Any grievance about the alleged incidents in Plaintiff's complaint is, also procedurally barred as untimely. In Woodford v. Ngo, 548, U.S. 81, 87 (2006), the plaintiff-prisoner, filed a grievance with prison officials complaining of a certain disciplinary action against him. The plaintiff, however, filed his grievance beyond the prescribed time period to file grievances under the jail's policies, rendering his grievance untimely. Id. The prisoner appealed that decision without success and filed his action against the prison officials. Id. In reversing the Ninth Circuit, the Supreme Court held that PLRA exhaustion requirement requires "proper exhaustion," and that where a prisoner fails to file his grievances timely under prison procedures, the prisoner's Section 1983 claims should be dismissed. Id. See also Howard v. State of Tenn. Dep't of Corr., 2013 WL 3353893, at *4.

Thus, Plaintiff has lost his opportunity to "properly exhaust" his administrative remedies as required under 42 U.S.C. § 1997e(a). Thus, the Defendants' motion for summary judgment should be granted and Plaintiff's claims should be dismissed with prejudice.

An appropriate Order is filed herewith.

**ENTERED** this the 22nd day of October, 2014.

WILLIAM J. HAYNES, JR.
United States District Judge